UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No. 8:02-CR-205-T-27EAJ

EFRAIN BENITEZ
_____/

## ORDER

**BEFORE THE COURT** is Defendant's "Motion for Rehearing of Sentencing" (Dkt. 116). In the motion, Defendant challenges the legality of his conviction and sentence. In response to this Court's inquiry, Defendant requested that his motion be construed as a motion to vacate pursuant to 28 U.S.C. § 2255 (Dkts. 117, 118).[1] In his response, Defendant acknowledges that his construed § 2255 motion is untimely. He contends that § 2255's one year limitation period does not preclude review as he has raised "actual innocence," "fundamental miscarriage of justice," and extraordinary circumstances beyond his control which justified his failure to file a timely § 2255 motion. (Dkt. 118, p. 2). Defendant's contentions are without merit. His motion is untimely and subject to dismissal.

### *Background*

Defendant was charged by Superseding Indictment with: conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count One); distribution and possession with intent to distribute 50

---

[1] Defendant was apprised of the potential consequences of having his motion construed as a § 2255 motion, in accordance with *Castro v. United States*, 540 U.S. 375 (2003). (Dkt. 117).

-1-

grams or more of methamphetamine (Count Two); and being an alien of the United States who had been convicted of at least one aggravated felony offense and was thereafter deported, who was found to be in the United States, not having received the consent of the Attorney General of the United States to reapply for admission (Count Three). (Dkt. 30). Defendant pleaded guilty to Count Three. (Dkts. 62, 63). After a jury trial, he was found guilty of Counts One and Two. (Dkt. 70). He was sentenced to life imprisonment as to Counts One and Two (concurrent) and 240 months imprisonment as to Count Three (concurrent with Counts One and Two). (Dkts. 76, 77, 84). Defendant appealed (Dkt. 83) and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences on December 23, 2003. The mandate issued on January 21, 2004. (Dkt. 103). Defendant did not seek certiorari review.

## *Discussion*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one year limitation period is applicable to § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Section 2255 provides that the one year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant was sentenced on January 22, 2003. (Dkts. 76, 77). The United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentences and its mandate issued on January 21, 2004. (Dkt. 103). Defendant did not petition the United States Supreme Court for a writ of certiorari. Accordingly, his conviction became final for purposes of the one year limitation period on April 20, 2004.[2] He therefore had until April 20, 2005 to file a timely § 2255 motion. The instant construed § 2255 motion was not filed until February 15, 2008,[3] more than three and a half years after Defendant's conviction became final. (Dkt. 116). The motion is untimely.[4] Accordingly, Defendant's § 2255 motion is procedurally barred unless he can demonstrate cause for his default and show actual prejudice suffered as a result of the claimed error. *United States v. Montano,* 398 F.3d 1276, 1280 (11th Cir. 2005). A claim of actual innocence may serve to lift the procedural bar caused by the untimely filing of a § 2255 motion. *Id.* "Actual innocence" means factual innocence, not mere legal insufficiency. *United States v. Jones,* 153 F.3d 1305, 1308 (11th Cir. 1998), *Bousley v. United States,* 523 U.S. 614, 623 (1998).

**Actual innocence**

Defendant contends that he is actually innocent and therefore the one year limitation period does not bar review of his motion. He argues that the Indictment charged him with conspiracy to

---

[2] When a defendant does not file a petition for writ of certiorari with the United States Supreme Court, his convictions become "final" for purposes of 28 U.S.C. § 2255 upon expiration of the ninety day period for seeking certiorari review. *See Kaufmann v. United States,* 282 F.3d 1336, 1338 (11th Cir. 2002).

[3] While the motion was actually received and filed by the Clerk of Court on February 19, 2008, under the "mailbox rule," the motion is deemed filed on February 15, 2008, the date the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States,* 173 F.3d 1339, 1341 (11th Cir. 1999), (under the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

[4] *See Day v. McDonough,* 547 U.S.198 (2006) (district courts may consider *sua sponte* the timeliness of a state inmate's habeas petition but must accord the parties fair notice and an opportunity to present their positions); *see also Gay v. United States,* 816 F.2d 614, 616 n.1 (11th Cir. 1987) (stating that the principles developed in § 2254 habeas cases also apply to § 2255 motions) (citation omitted).

possess and possession with intent to distribute a Schedule II controlled substance, whereas the proof at trial established that his offenses involved a Schedule III controlled substance. Defendant concludes that his conviction was thereby rendered "invalid." Essentially, Defendant argues that although he was indicted and charged with offenses involving a Schedule II controlled substance, the "proof at trial shows a 'Powder' meth, a schedule III drug type offense." (Dkt. 116, p. 3).[5]

Defendant's contentions are meritless. Assuming, without deciding, that proof of actual innocence renders § 2255's one year limitation inapplicable, Defendant has not shown that he is actually innocent of the charges for which he was convicted. As the Government correctly points out, the indictment in this case properly characterized the methamphetamine at issue as a Schedule II controlled substance. The schedules in 21 U.S.C. § 812, on which Defendant relies, are not controlling.

Section § 812(c) expressly provides that the schedules therein are "initial schedules" that may be amended pursuant to 21 U.S.C. § 811. Pursuant to § 811, the Attorney General may amend the schedules and has done so with respect to methamphetamine. Rules promulgated pursuant to § 811 have recharacterized all forms of methamphetamine Schedule II controlled substance. *See* 21 C.F.R. § 1308.12(d)(2); *see also United States v. Lane*, 931 F.2d 40 (11th Cir. 1991); *United States v. Schrock*, 855 F.2d 327 (6th Cir. 1988); *United States v. Duran*, 219 Fed. Appx.762 (10th Cir. 2007)(unpublished); *United States v. Kinder*, 946 F.2d 362 (5th Cir. 1991); *United States v. Kendall*, 887 F.2d 240 (9th Cir. 1989). Accordingly, Defendant's argument that methamphetamine in powder form is a Schedule III controlled substance is without merit. He has not demonstrated actual innocence, even if actual innocence is an exception to the applicable limitation period.

---

[5] Defendant contends that "liquid methamphetamine," rather than powder methamphetamine, is necessarily the Schedule II controlled substance alleged in the indictment and that the evidence at trial therefore varied from this allegation in the indictment.

**Equitable tolling**

A § 2255 motion filed outside the one year limitation period may still be considered timely if equitable tolling applies. *Brown v. United States*, __ F.3d __, 2008 WL 4946209 (11th Cir. Nov. 20, 2008) (citing *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008)). However, equitable tolling does not operate to revive an expired limitations period. *Id.* Accordingly, the focus here is on the time period which preceded April 20, 2005, when Defendant's one year limitation period expired, and any alleged extraordinary circumstances beyond Defendant's control which prevented him from filing a timely § 2255 motion. Defendant bears the burden of proving that equitable tolling is applicable, and in order to do so, he must establish that, (1) he has diligently pursued his rights, and (2) some extraordinary circumstance prevented him from timely filing. *Id.* Equitable tolling is applied only in "extraordinary" circumstances. *Id.* Here, Defendant has not demonstrated either element.

There is no need for an evidentiary hearing on Defendant's claim of extraordinary circumstances beyond his control, as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the he is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Defendant's contention that powder methamphetamine is a Schedule III controlled substance is frivolous. Moreover, his generalized claims of extraordinary circumstances beyond his control are facially insufficient to explain why he could not have filed a timely § 2255 before the limitation period expired. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." *Saunders v. United States*, 278 Fed. Appx. 976, 978 (11th Cir. 2008)(quoting *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989)).

**No showing of due diligence**

First, Defendant has not demonstrated diligence. He offers no specific explanation for what efforts, if any, he undertook to pursue his rights before the one year limitation period expired. Simply put, Defendant says nothing about his activities during the one year limitation period. Whether extraordinary circumstances exist need not be determined if a defendant's delay in filing the motion exhibits a lack of due diligence. *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). The Government points out that before filing the instant motion, Defendant filed two § 2241 motions in the District Court for the Western District of Louisiana, one on April 16, 2007, in which he alleged that he was "actually innocent," and the other on July 11, 2008. In that motion, Defendant contended that § 2255 was "inadequate and ineffective." Those motions were dismissed. *Benitez v. Warden, U.S. Penitentiary,* 2008 WL 5479049 (W.D. La. 2008). Not only do those two filings demonstrate lack of diligence, the applicable limitation period had already expired when those motions were filed. Equitable tolling does not operate to revive an expired limitations period. *Brown v. United States, supra.*

**No extraordinary circumstances beyond Defendant's control**

Defendant has not demonstrated extraordinary circumstances that were "unavoidable even with diligence." *See United States v. Scott,* 294 Fed. Appx. 603, 607 (11th Cir. 2008). First, Defendant vaguely complains that his court appointed attorneys were ineffective in failing to address the issue during pre-trial and appeal." Serious attorney misconduct, "[running] the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit," could constitute "extraordinary circumstances," justifying application of equitable tolling. *Kicklighter v. United States*, 281 Fed. Appx. 926, 930 (11th Cir. 2008). Notwithstanding, Defendant's allegations, even accepted as true, do not establish a colorable claim of ineffective assistance or prejudice from any alleged ineffective assistance of counsel.

As discussed, Defendant's argument concerning the scheduling of powder methamphetamine is frivolous. His attorneys could not, therefore, have been ineffective in failing to raise this contention before trial or on appeal. An attorney is not ineffective in failing to raise a meritless claim. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225 (11th Cir. 2008) (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)); *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000));*Card v. Dugger,* 911 F.2d 1494, 1520 (11th Cir. 1990).

Regardless, Defendant is still required to prove prejudice resulting from counsels' ineffectiveness in order to excuse his default. *DiPietro v. United States*, 251 Fed. Appx. 606, 608 (11th Cir. 2007). Since the claim raised by Defendant has no merit, he cannot show prejudice from any alleged ineffectiveness on the part of his attorneys.

Finally, any ineffective assistance of counsel occurring before trial or while Defendant's appeal was pending had no effect on the one year limitation period, which did not begin until after Defendant's conviction became final. Defendant makes no showing that his attorneys' alleged ineffectiveness had any bearing whatsoever on his ability to file a timely § 2255 motion during the one year after his conviction became final. In determining whether "extraordinary circumstances" beyond control of Defendant prevented a timely § 2255 motion, the focus is on the circumstances surrounding the late filing, rather than the circumstances surrounding the underlying conviction. *Jones v. United States,* 304 F.3d 1035, 1040 (11th Cir. 2002). Any alleged ineffectiveness on the part of defendant's attorneys before trial and during appellate review do not relate to the one year period after Defendant's conviction became final and therefore cannot constitute an "extraordinary circumstance" which prevented him from filing a timely § 2255 motion.

Secondly, Defendant complains that he could not timely file because his attorney's failure to provide him with "his trial records" "made it impossible to file his habeas petition on time." (Dkt. 118, p. 2). That statement begs the question; how did a lack of access to the trial court record prevent Defendant from filing a timely § 2255 motion raising the claim he now raises? In the instant motion, Defendant does not cite to any portion of the record, nor was it necessary for him to do so. The issue he raises is premised on the allegation on the face of the indictment and the proof at trial, something he obviously was aware of. Not only was it not "impossible" for Defendant to file a timely § 2255 motion without the trial court record, nothing in that record supports the frivolous claim he now attempts to raise.

Defendant's contention that the "district court's failure to question and determine its own jurisdiction . . . to intertain [sic] the case as a result of the defective 'issue'" is likewise without facial merit and cannot constitute an extraordinary circumstance justifying application of equitable tolling. Moreover, to the extent Defendant relies on his "pro se status" as an explanation for why he did not timely file, that reason is insufficient. He is not entitled to equitable tolling because of a lack of legal training. *United States v. Montano,* 398 F.3d at 1280 n.5.

Even accepting Defendant's explanations for why he did not timely file as true, he has not demonstrated any extraordinary circumstances that were "unavoidable even with diligence." *United States v. Scott, supra.* Accordingly, Defendant's "Motion for Rehearing of Sentencing" (Dkt. 116), construed as a § 2255 motion to vacate (as requested by Defendant) is DISMISSED as untimely.

**DONE AND ORDERED** in Tampa, Florida, this 27th day of April, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant, *pro se*
Counsel of Record